Nov. Term,<br>1855.<br><br>THE NEW-<br>ALBANY AND<br>SALEM RAIL-<br>ROAD CO.<br>v.<br>GILLESPY.

---

## THE NEW-ALBANY AND SALEM RAILROAD COMPANY v. GILLESPY.

In a suit against a railroad company, a stockholder is a competent witness for the company.

APPEAL from the *Putnam* Circuit Court.

*Wednesday,*<br>*December* 12.

DAVISON, J.—*Catharine Gillespy*, the plaintiff below, filed her complaint in the office of the *New-Albany and Salem Railroad Company*, alleging, *inter alia*, that she was the owner of certain land in *Putnam* county, (describing it), through which said company had located and constructed their road; and praying the appointment of commissioners to assess the damage occasioned by such construction, &c.; whereupon commissioners were appointed, who awarded

Nov. Term, 1855.

the plaintiff 100 dollars, from which award she appealed. In the Circuit Court there was a verdict in favor of the plaintiff for 300 dollars. New trial refused, and judgment on the verdict. The company, who were the defendants, appealed to this Court.

Upon the trial, the defendants offered one *David L. Southard* as a witness, who, being examined on oath, stated that he was a stockholder in said company; but the Court, on the plaintiff's objection, refused to permit his introduction. This refusal is the only error assigned.

We have decided that in a suit against a railroad company, a stockholder is a competent witness for the company. *The Newcastle and Richmond Railroad Company* v. *Brumback*, 5 Ind. R. 543. The interest of such witness goes only to his credibility. 2 R. S. 80. The case just cited, being directly in point, is decisive of the one under consideration.

The judgment must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Daggy*, for the appellants.

*J. A. Matson*, for the appellee.